Daniel E. Thenell, OSB No. 971655
Emerson Lenon, OSB No. 123728
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNIVERSITY OF OREGON, individually and in its capacity as the Assignee of the rights of the Estate of Eliborio Rodrigues, Jr., <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>TROY PHILLIPS, an individual, <br><br>　　　　　Defendant. | Case No.  6:21-cv-00619 <br><br> **DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS** |

## LR 7-1(A) CERTIFICATION

Counsel for the parties have conferred by email in detail about this motion and were unable to resolve the primary matters in dispute.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 1

2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

## MOTIONS

Defendant Troy Phillips (Defendant), by and through his attorneys of record, Thenell Law Group, P.C., hereby moves the court to dismiss and/or remand Plaintiff's Complaint because: (a) Defendant is not the proper defendant for state law claims (ORS 30.265); (b) Rodriguez's assignment of claims to Plaintiff is invalid and void as a matter of law; (c) Plaintiff's Claims for Relief fail to state a claim upon which relief can be granted and the Court should dismiss (Fed. R. Civ. P. 12 (b)(6)); and (d) the Court lacks subject matter jurisdiction for Plaintiff's Fourth Claim for Relief and the Court should remand to state court (Fed. R. Civ. P. 12 (b)(1)). This Motion is supported by the following points and authorities, pleadings and facts, and by the Declaration of Daniel E. Thenell, with exhibits, filed concurrently herewith.

## STANDARD OF REVIEW

**Failure to State a Claim - Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when there either is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2019). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Facts alleged in a complaint are assumed to be true and the court must view

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 2    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

them in a light most favorable to the nonmoving party, however it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a plaintiff must set forth a plausible claim for relief – mere possibility is insufficient. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### Lack of Federal Question Jurisdiction - Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of federal subject-matter jurisdiction is pure question of law requiring a federal court to dismiss and remand the claim(s) to the appropriate state court. There are multiple avenues for a party to challenge federal subject-matter jurisdiction and the review depends on the precise nature of the challenge; the proper vehicle for such a challenge is a Fed. R. Civ. Pro. 12(b)(1) motion. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). The First Circuit had occasion to opine on the variety of jurisdictional challenges in *Valentin v. Hospital Bella Vista*:

> The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction. Some challenges—those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples, *see, e.g., Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir.1995) (ripeness); *D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir.1999) (mootness); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995) (sovereign immunity); *BIW Deceived v. Local S6*, 132 F.3d 824, 830–31 (1st Cir.1997) (federal question)—present what amount to pure (or nearly pure) questions of law, and thus engender de novo review.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 3                                                    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

*Valentine*, 254 F.3d at 362-63. Where no jurisdiction exists, the court must dismiss. *See e.g. Boardman v. C.I.R.,* 597 Fed.Appx. 413 (9th Cir. 2015); *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("the federal court must remand the action because it has no subject-matter jurisdiction to decide the case").

## FACTUAL BACKGROUND

Plaintiff, a public university, employed Defendant as a police officer at all times material to the Complaint. *Complaint*, ¶¶ 1-2. On October 27, 2018, Defendant was on-duty working as a police officer on behalf of Plaintiff. *Id*. ¶ 5. Plaintiff executed a traffic stop by activating his lights and siren of Eliborio Rodrigues Jr. ("Rodrigues"), who was riding his bicycle. *Id*. ¶ 6. Rodrigues was carrying a wireless speaker which was playing music and was armed with a large, fixed blade knife. *Id*. ¶ 7. Defendant repeatedly instructed Rodrigues to get off his bicycle and get on the ground; at no point during the interaction did Rodrigues comply with Defendant's instruction. *Id*. ¶ 8. Defendant holstered his sidearm and physically restrained Rodrigues. *Id*. ¶¶ 8-9.

Rodrigues served a tort claim notice on Plaintiff on April 4, 2019. *Id*. ¶ 19; *Thenell Decl.*, Ex. 1. Rodrigues died in November 2019; his estate served an updated tort claim notice on Plaintiff on April 17, 2020.[1] *Complaint*, ¶ 19; *Thenell Decl.*, Ex. 2. In anticipation of settlement, on October 26, 2020, Plaintiff, Defendant, and the Estate of Rodrigues entered into an agreement to toll the statute of limitations on Rodrigues' claims until April 26, 2021. *Complaint* ¶ 20; *Thenell Decl*. ,

/ / /

---

[1] The parties had some dispute as to whether this second notice merely clarified the first, or was a notice of new claims which would have been untimely on the OTCA. For the purposes of this motion the Court need not address the sufficient of the second TCN and no stipulation of waiver is made by virtue of this motion.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 4       2021-35

Ex. 3. The tolling agreement was expressly conditioned on the parties' desires to engage in pre-filing mediation of Rodrigues' claims. *Id*.

On October 30, 2020, Defendant received a representation agreement authored by Plaintiff's Deputy General Counsel, Douglas Park; Defendant signed the agreement on December 7, 2020. *Thenell Decl*., Ex. 4. Park's letter stated, "the University of Oregon will defend and indemnify you and hold you harmless against excessive force claims which may be brought against you in a lawsuit filed by the estate of Elborio Rodrigues." *Id*. The letter did not address or exclude defense and indemnification of any other claims. *Id*. The letter acknowledged the University had appointed outside counsel, Daniel Thenell, to represent Phillips and that by signing the letter, Phillips would also have to agree to a joint defense with the University. *Id*. The letter concluded by stating "if you would like the University to represent you in this matter, please sign … if you sign and return this letter, the University will accept that as confirmation that it will indemnify and defend you pursuant to the terms of this letter **and Oregon law**." *Id*. (emphasis added).

On November 17, 2020, Phillips and the University of Oregon signed a common interest agreement. *Thenell Decl*., Ex. 5. The agreement was executed on January 25, 2021, by Karen O'Kasey, attorney for the University of Oregon, and Daniel E. Thenell, attorney for Phillips. *Id*. On January 25, 2021, Douglas Park emailed Tony Rosta, attorney for the estate of Rodrigues. *Thenell Decl*., Ex. 6. Park notified Rosta that Phillips was represented by Daniel Thenell and the University was represented by Karen O'Kasey; Park specified that O'Kasey was the main point of contact for both the University and Phillips. *Id*. In all the pre-mediation discussions between the University and Phillips, no mention was made of the University's intention to seek an assignment of Rodrigues' estate's claims against Phillips. *Thenell Decl*., ¶ 10.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 5     2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

On March 16, 2021, the parties mediated before the Honorable Thomas M. Coffin, U.S. Magistrate Judge for the Eugene Division of the District of Oregon. *Thenell Decl.*, ¶ 11. Without input or participation from Phillips or his counsel, the University and Rodrigues' estate settled the estate's claims for $115,000. On April 28, 2021, after filing suit against Phillips, counsel for the University provided Phillips with a copy of the settlement and assignment of claims executed on April 21, 2020. *Thenell Decl.*, ¶ 12, Ex. 7. On April 21, 2021, Tony Rosta filed a declaration in the Rodrigues probate matter in support of a request for an order approving settlement. *Thenell Decl.*, Ex. 8. In relevant part, Mr. Rosta confirmed "Karen O'Kasey, for purposes of settlement discussions, represented the University of Oregon and Mr. Phillips, who was also a putative defendant." *Id*. at 2.

## POINTS AND AUTHORITIES

**I.    Oregon law requires substitution of a public employer for all claims against their employees.**

The Oregon Tort Claims Act controls how and when a plaintiff may bring an action in tort against a public body. ORS 30.260 *et seq*. ORS 30.285(1) requires a public body to "defend, save harmless and indemnify any of its officers, employees and agents … against any tort claim or demand." This duty arises whenever tort liability is asserted against a public employee arising out of "an alleged act or omission occurring in the performance of duty." *Id*. The public body's duty is only excused "in case of malfeasance in office or willful or wanton neglect of duty." ORS 30.285(2).

The Plaintiff's Complaint does not allege either malfeasance in office, or willful or wanton neglect of duty. In fact, Plaintiff's federal causes of action depend upon factual allegations that

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 6                                      2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Phillips was on duty and acting under color of state law. Where a complaint alleges tort liability arising out of the course of a public employee's duties and names the employee individually, ORS 30.265(3) provides that the court "shall substitute the public body as the defendant." Here the law is clear and all asserted causes of action against Phillips individually, under state law, must be dismissed.[2]

## II. The assignment of claims relied upon by Plaintiff is invalid as a matter of law and contrary to public policy.

The purported assignment of claims, executed by the Estate of Rodrigues and the University of Oregon, was made under Oregon law. *Thenell Decl.*, Ex. 7 ("6.1 This agreement shall be construed and interpreted in accordance with the laws of the state of Oregon."). *See also Volt Information Sciences, Inc. v. Board of Trustees of Leland Standford Junior University*, 489 U.S. 468 (1989) (parties choice-of-law provision of the contract was enforceable by federal courts).

The long-standing rule in Oregon plainly bars assignment of the types of claims brought by the Plaintiff. *Dahms v. Sears*, 13 Or. 47, 57-8, 11 P. 891 (1886). Throughout the line of cases following *Dalhms* the rule has been clarified and refined but has not ever been overruled. *See e.g. Sperry v. Stennick*, 64 Or. 96, 101-102, 129 P. 130 (1913) ("A wrong committed upon a person resulting in damages by reason of assault and battery, breach of promise of marriage, false imprisonment, malicious prosecution, slander, etc. … cannot be assigned") (citing *Dahms*); *Rorvik v. North Pacific Lumber Co.*, 99 Or. 58, 91, 195 P. 163 (1921) (citing *Dahms*, *Sperry*, and *Rorvik*

---

[2] There is the technically required step of substitution, however given the absurdity of the result: University of Oregon v. University of Oregon, the court should simply dismiss any currently pled state law torts against Phillips and deny any future motions which seek to add additional state law claims.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 7          2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

to affirm the rule against assignment of personal injury torts); *Nordling v. Johnston*, 205 Or. 315, 327, 283 P.2d 994 (1955) (cause of action to recover a statutory penalty not assignable because "the reasons that preclude the assignability of mere personal rights … obviously apply here"); *Geertz v. State Farm Fire and Cas.*, 253 Or. 307, 310, 451 P.2d 860 (1969) (assignment of a personal injury claim was allowed where the claim transferred pursuant to an indemnity contract between insurer and insured); *State Farm Mut. Auto. Ins. Co. v. Pohl*, 255 Or. 46, 49-52, 464 P.2d 321 (1970) (Supreme Court noted "assignments of personal injury causes of action are generally held invalid" to conclude the subrogation clause allowing for recovery of insured's medical expenses by insurer was invalid).

Plaintiff will undoubtedly argue the common law distinction between assignable and non-assignable claims first adopted in *Dahms,* was based entirely on an analysis of the survivability of the claim. *Sperry*, 64 Or. at 101 ("The rule is nearly universal that tortious acts of a party causing damages to another creates a right of action which abates with the death of the person sustaining the injury and therefore cannot be transferred so as to confer upon the assignee authority to maintain a suit for the wrong inflicted.") citing *Weller v. Jersey City, etc., Street R. Co.*, 68 N.J.Eq. 659 (Ct. of Errors and Appeals of N.J. 1905. In 1969, the Oregon legislature modified the probate code to make all causes of action survivable; applying the prior common law rule would imply all causes of action were also assignable. ORS 115.305, *formerly* 121.020.

Nevertheless, the Oregon courts have not applied that interpretation of the validity of an assignment outside of the probate context. *State Farm Mut. Auto. Ins. Co. v. Pohl* and *Fireman's Fund American Ins. Companies v. Turner*, 206 Or. 30, 488 P.2d 429 (1971) were both decided by the Oregon Supreme Court after the legislative changes and neither court held the statute applied

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 8            2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

broadly outside of survivorship to assignment of personal injury claims. Even as the legislative changes were being debated the Oregon Supreme Court cast doubt on whether assignment should be strictly linked to survivorship in *Geertz*; Justice O'Connell, writing for the majority reasoned:

> Generally, it is said that a claim which will not survive the plaintiff's death is not assignable. The reason for this equation between survivorship and assignability is seldom explained. One explanation is that if a claim is so personal that it will not survive it is therefore so personal that it cannot be assigned. It has also been said that the rule developed to avoid maintenance. There are other possible explanations found in the historical development of the survival of tort claims. Whatever reasons there may be for prohibiting the assignment of personal injury claims after an accident, we do not think they apply to a situation where the claim is transferred pursuant to an indemnity contract between insurer and insured. If there are evils that flow from such contracts, we are not aware of them.

*Geertz*, 253 Or. at 309-10 (footnotes omitted).

In *Johnson,* the Supreme Court directly acknowledged the legislative changes with respect to survivorship, but maintained the existing rule that torts affecting property rights could be assigned, while torts affecting personal rights could not be assigned. *Johnson*, 284 Or. at 347. Subsequent courts interpreted *Geertz* and *Johnson* to hold the proper test for assignability was not survivorship, but whether "the public policy concerns that the rule against assignments was intended to prevent were present." *Gregory v. Lovlien*, 174 Or. App. 483, 487, 26 P.3d 180 (2001). Neither the *Gregory* nor *Johnson* courts took up the issue of whether personal injury actions could be assigned, because those courts were confronted with actions affecting property (interference with a contract and legal malpractice respectively). *Johnson* in so holding left in place the existing rule that public policy is generally against the assignment of personal injury claims. *Johnson*, 284 Or. at 488 n. 3.

Most recently, Paul Papak, United Stated Magistrate Judge for the District of Oregon, took up this issue in *Wickenkamp v. Hostetter Law Group, LLP*, 2015 WL 9948219 (Dec. 3, 2015).

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 9    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

*Thenell Decl.*, Ex. 9. Judge Papak followed the line of cases cited above to conclude "[n]o Oregon court has ever held that personal injury claims are assignable under Oregon law." *Wickenkamp*, at 17. The plaintiff, Wickenkamp, had received an assignment of claims and brought an action in United States District Court in part for defamation, invasion of privacy, false light, and wrongful initiation of civil litigation. *Id*. Judge Papak was persuaded the "Oregon Supreme Court would affirm that claims cognizable as personal injuiy [sic] claims remain unassignable outside such contexts" and dismissed those claims. *Id*. Wickenkamp's claims for intentional interference with economic relations, breach of contract, and violations of Oregon's Unlawful Trade Practices act were allowed to continue because they were premised on the assignor's business interests and/or property interests. *Id*.

Despite Plaintiff's anticipated arguments, the law in Oregon is reasonably well settled. Claims for defamation, malicious prosecution, assault and battery, invasion of privacy and other offenses to the person are not assignable; while claims for tortious interference with contract or business relations, legal malpractice, or claims made pursuant to a contract for indemnity are assignable.[3] Here, all three of Plaintiff's claims brought under the assignment are for personal injuries of the very type for which public policy prohibits assignment. Plaintiff has brought three claims under 42 U.S.C. § 1983 as the assignee of Rodrigues' estate: unlawful seizure; malicious

///

---

[3] Plaintiff plead a claim for indemnity, however that claim was brought directly and was not part of the assignment of claims. In theory, were Plaintiff's indemnity claim otherwise valid (which it is not) then Plaintiff could assign that claim to a third party who could bring a cause of action for indemnity. Of course, Plaintiff's indemnity claim also fails because of the reasons articulated herein, and even to consider for a moment the effect of such an assignment reveals the central flaw in that claim. Were the University to assign their claim for indemnity to a third person and that person were to file suit against Phillips, ORS 30.285(1) would require the University to indemnify Phillips, and ORS 30.265(3) would require the court to substitute the University as the defendant upon Phillips' motion.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 10    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

prosecution; and fabrication of evidence. All three allege violations of Rodrigues rights under the Fourth Amendment of the United States.

Plaintiff has no legal authority to support an assignment of these claims; malicious prosecution is routinely enumerated in the list of unassignable torts and the other Fourth Amendment violations fall squarely in the camp of injuries to person with no nexus to property or contractual interests.[4] Furthermore, even if the law were not so well settled as to allow some ambiguity upon which the Plaintiff could seize, this Court should reject these claims as void under public policy. To allow this suit to go forward would create a perverse incentive and subvert Oregon's state law.

This suit is predicated on Defendant's employer obtaining an assignment of claims against Defendant in exchange for monetary compensation and then seeking recovery from their own employee. To grace such a scheme with the court's legal imprimatur would enable an employer to be as negligent as they wished with respect to hiring, training, and supervision. Then, when their employee injured some person, the employer could completely insulate themselves from their own liability by purchasing an assignment from the injured party and seeking recompense from the employee.[5] Assignment of a personal injury claim such as the instant example, is abhorrent to

---

[4] Perhaps a Fourth Amendment violation could affect a property interest in the sense that it protects against the warrantless search and seizure of persons or property. However, that is not the claim which was articulated in Plaintiff's Complaint. The Complaint pleads a seizure of Rodrigues' person and claims damages for mental distress, extreme fear, embarrassment, humiliation and unspecified economic damages related to the personal injury.

[5] Were this case to go forward, one of Phillips contentions was that he received woefully inadequate training and supervision. The University had a duty to act reasonably with respect to hiring and training Phillips, having breached their duty the University should not be entitled to avoid all liability by blaming their own employee.

This kind of perverse incentive was the basis for the holding in *Dahms*. The *Dahms* court was confronted with a case involving an injury to property suffered by an arrestee. That injured party executed an assignment of their claim to an attorney who then brought suit under his own name to recovered for the injury. Despite the fact this type

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 11                                    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

public policy. Furthermore, such an application of assignment of claims subverts the Oregon Tort Claims Act and cannot be countenanced by the federal courts.[6]

Unlike private employers, public employers must in all cases defend and indemnify their employees for injuries caused in the course of their employment. ORS 30.285(1). Only in cases of malfeasance in office or willful or wanton neglect of duty, can the public employer escape liability. ORS 30.285(2). Coupled with the statute requiring the court to substitute the employer in cases where the employee is named individually (ORS 30.265(3), this statutory scheme would clearly operate to defeat a state law claim brought under a valid assignment of claims. If a third party were to have a claim against a public employee for tortious interference with a business relationship, such a claim would be ordinarily assignable, like the claim in *Dahms*. However, the public employer would not be able to obtain an assignment of that claim and bring suit against their own employee in state court because the OTCA would require substitution of the employer for the employee and a legal absurdity would result. Such an employer should not be entitled to use federal court to bring such a case either, even if the claim were assignable.

---

of claim was solidly assignable the court held the assignment was void because it created an incentive for an attorney to purchase claims from his client and then recover more than the usual and customary fee. The court in no uncertain terms stated:

> To allow an attorney of the court, however, to purchase a chose in action in consideration that he will bring suit to collect it, with a stipulated right to retain the lion's share, would shock the moral sense of all right-minded people. I do not think that a case can be found where such an assignment has been upheld.

[6] Unlike the private employment relationship, public employers are governed by statutes, such as the OTCA, which modify their rights and duties. A private employer whose employee injures another by their own negligence can seek indemnity from that employ for damages paid to the injured party. *Fireman's Fund American Ins. Companies v. Turner*, 260 Or. 30, 488 P.2d 429 (1971). By virtue of the employment relationship the employer is liable for the acts of their employee, but they can seek recompense from the employee as well. *Id*. This common-law scheme is unaltered by state statute, however the OTCA strictly defines which party bears the risk of liability in public employment.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 12          2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

**III.   Without a valid assignment Plaintiff's claims under 42 U.S.C. § 1983 fail to state a claim for relief and must be dismissed.**

Because Oregon law clearly prohibits assignment of the claims at issue here, all three of Plaintiff's § 1983 claims must be dismissed. Although otherwise facially well-pled, each cause of action relies on the assignment to put the University in the shoes of the injured Rodrigues. Plaintiff plead unlawful seizure based on Rodrigues' arrest by Phillips, and other University police employees. Plaintiff took issue with Phillips initial stop as well as pleading Phillips's drawing and pointing, but not firing, his weapon was another seizure and finally tackling, handcuffing, and arresting the non-compliant Rodrigues were further examples of seizure. These are all well taken, but for the crucial piece that it was Rodrigues personally who suffered these alleged injuries and not the University of Oregon. Phillips takes issue with Plaintiff's characterization of the facts and in no way admits he unlawfully seized Rodrigues, but even accepting the facts as true the Complaint fails to state a claim for relief and the first claim must be dismissed.

The Complaint also alleges Phillips initiated, or caused to be initiated, a criminal proceeding against Rodrigues in which Phillips knowingly testified falsely and which ended in an acquittal of the criminal charges. In other words, the Complaint presents a facially well-pled cause of action for malicious prosecution. As with the seizure, Phillips maintains he did not knowingly give false testimony, intentionally omit exculpatory evidence from his report, or hide the existence of the video evidence. Nevertheless, taking the pleadings as true the Plaintiff, University of Oregon, has not suffered this legal injury because the assignment of claims is void and invalid under state law.

/ / /

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 13                           2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Finally, the Complaint pleads a claim for fabrication of evidence against Phillips, alleging he deliberately fabricated his written report and subsequent testimony and intentionally hide the exculpatory video evidence. This claim appears to simply restate the malicious prosecution claim and the Court should dismiss on the grounds that it is not a distinct cause of action from the second claim for relief. An examination of federal court jurisprudence leads to the conclusion the two claims are synonymous and interchangeable. *See e.g.McDonough v. Smith*, 139 S.Ct. 2149, 2155 (2019) ("the most natural common-law analogy [to fabrication of evidence is] the tort of malicious prosecution"); *compare to Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (plaintiff plead wrongful prosecution based on a claim of fabrication of evidence); *similarly Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004) (malicious prosecution claim plead based on fraud, corruption, perjury and fabricated evidence). Defendant is aware of no case in the Ninth Circuit where a plaintiff was allowed to proceed with both a malicious prosecution and a fabrication of evidence claim based on the same set of facts. In any case, Phillips denies these allegations are based in fact; however, even taken as true, they failed to plead a claim on which relief can be granted to the Plaintiff.[7]

Analyzed from a different angle, the Court also has the option of dismissing these three claims for lack of Article III standing which would deprive the Court of subject matter jurisdiction pursuant to 12(b)(1) instead of failure to state a claim for relief under 12(b)(6). The practical effect will be the same and both flow from the legal nullity and invalidity of the assignment of claims.

---

[7] Plaintiff would argue, were this case to reach the merits, that an evidence technician was the individual who failed to upload the video evidence to the prosecution's drive. Were this case to proceed Plaintiff will be unable to produce evidence Phillips was responsible for the video not being provided, and the technician in question will be prepared to testify to the true sequence of events.

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 14    2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Without a valid assignment the University has not suffered a legally cognizable injury which can be remedied at law.

### IV.     Plaintiff's claim for indemnity fails as a matter of law.

As articulated above, Phillips is the wrong defendant for the state law claim plead in the Complaint. Pursuant to ORS 30.265(3) Phillips should be substituted out and the University of Oregon should be substituted in. This section of the statute is mandatory on the court because it states "the court upon motion shall substitute the public body as the defendant." ORS 30.265(3). This motion requires such substitution and then resulting legal absurdity requires dismissal. Unlike private employers, public employers do not have any legal recourse to indemnification from their employees because of the OTCA and public policy. Defendant is aware of no legal authority which has upheld a claim for indemnity by a public employer against their employee, even in cases of malfeasance or willful or wanton neglect of duty.

In the alternative, if this Court were to allow the Plaintiff to move forward in seeking indemnity from their employee, the court should decline to exercise supplemental jurisdiction and remand the remaining claim to state court, where Phillips expects it will be quickly dismissed under the OTCA. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction … It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction" (internal citations omitted)).

### V.     Defendant is entitled to an award for attorney fees

As is made clear above, there is no legal support for an assignment of personal injury claims in Oregon, or for that matter, more broadly. Even a cursory review of the relevant case law reveals

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 15                                      2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

this rule is well settled through discussions in the highest court of the state for nearly the past 150 years. There is little explanation for this suit other than to conclude it was brought in bad faith and was frivolously filed. Unlike many litigants which appear in court, Plaintiff is a university and organ of the State of Oregon. It is a sophisticated and adept entity with nearly unlimited access to the finest legal minds of the state. No benefit of the doubt should be given to the dubious nature of the claims made. This is not an area where the law is unclear, and litigants are granted leeway to make novel legal arguments which may advance the state of the law. This is a well-trod path and one which the University must have known prior to filing their suit. No amendment can remedy the Complaint's deficiencies and no opportunity to try should be afforded to Plaintiff. Pursuant to ORS 20.105 Phillips is entitled to an award of his fees and costs incurred fighting this blatantly meritless suit.

## CONCLUSION

Plaintiff's entire case rests on a legally invalid assignment of claims from the Estate of Rodrigues. Even if such an assignment had the barest shred of legal support, public policy should find that outcome abhorrent under the facts as presented. Such a result will create truly perverse incentives for public employers to violation the law and then insulate themselves from liability on the backs of their own employees. This Court should soundly reject this unsupported, abhorrent and dangerous legal theory. Plaintiff willfully ignores their duty to defend and indemnify their own employees and instead seeks to pervert state law by attempting to squeeze damages from their employee. Such a reversal of the law makes a mockery of the OTCA and state law and threatens to undermine the fabric of public employment in Oregon. These claims are so obviously baseless, the assignment is so plainly invalid, and the state law on indemnity is so clear, that the Court should

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 16                2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

not only dismiss all claims with prejudice but should award Phillips his reasonable attorney fees and costs incurred in defending himself against his own employer.

DATED this 15th day of July 2021

THENELL LAW GROUP, P.C.


By: _____/s/ Daniel E. Thenell_____
Daniel E. Thenell, OSB No. 971655
E-mail: dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
E-mail: emerson@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Plaintiff*

DEFENDANT TROY PHILLIPS' MOTIONS TO DISMISS - Page 17     2021-35

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496