UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

UNIVERSITY OF OREGON,

        Plaintiff,

    v.

TROY PHILLIPS,

        Defendant.

_____

Case No. 6:21-cv-00619-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

In this action, the University of Oregon ("Plaintiff") brings four claims against Troy Phillips ("Defendant"): (1) in its capacity as assignee of the Estate of Eliborio Rodrigues, Jr., a claim for unlawful seizure in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983; (2) in its capacity as assignee of the Estate of Eliborio Rodrigues, Jr., a claim for malicious prosecution in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983; (3) in

Page 1 — OPINION AND ORDER

its capacity as assignee of the Estate of Eliborio Rodrigues, Jr., a claim for fabrication of evidence in violation of Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1983; and (4) an indemnity claim under Oregon state law. First Am. Compl. 6–11, ECF No. 24 ("FAC"). Defendant moves to stay all proceedings pending the resolution of Defendant's labor grievance arbitration. Def.'s Mot. Stay, ECF No. 34 ("Def's Mot."). All parties have consented to jurisdiction by a U.S. Magistrate Judge. *See* ECF No. 15. For the reasons that follow, Defendant's motion is DENIED.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) (noting that a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case"). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

In deciding whether to grant a *Landis* stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)

(quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotations omitted). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255.

A stay "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. For that reason, a *Landis* stay "should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## DISCUSSION

Citing *Landis*, Defendant argues that a stay would conserve judicial resources, prevent hardship to Defendant, and would not prejudice Plaintiff. Def.'s Mot. 3, ECF No. 34. Pursuant to the Court's inherent power to control its docket and following the criteria outlined in *Lockyer*, the Court finds that a stay in this case is inappropriate. *See Landis*, 299 U.S. at 254; *see also Lockyer*, 398 F.3d at 1110.

First, Plaintiff has sufficiently alleged that it will suffer damage to its reputation and relationships with the surrounding community if the Court stays this matter. *See* Pl.'s Resp. 8, ECF No. 35.

Second, Defendant has not made a clear showing of hardship or inequity in the absence of a stay. *See Landis*, 299 U.S. at 255 ("[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward[.]"). Defendant argues that "a stay is the only way for [ ] Defendant to avoid crushing upfront costs associated with federal discovery"

and that instead "the parties will have the benefit of significant discovery" through arbitration. Def.'s Mot. 4, ECF No. 34; *but see Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). Under the circumstances of this case, the Court finds that the parties will not incur additional litigation costs as their arbitration proceeds. *See* Pl.'s Resp. 7, ECF No. 35 ("[B]ecause counsel for the parties are the same in both cases, the most efficient path forward is to combine discovery in the federal case and the labor arbitration, which is what is presently occurring."). The Court will convene a status conference to assist the parties in coordinating a discovery schedule that tracks that which will occur in their arbitration.

Third, the Court finds that a stay will have no effect on the orderly course of justice. Both cases may proceed in their separate forums, and no judicial resources will be saved as a result of staying this matter pending resolution of Defendant's labor arbitration. As such, the Court declines to exercise its discretionary authority to stay this matter.

## CONCLUSION

For the reasons above, Defendant's motion for a stay (ECF No. 34) is DENIED. Defendant's answer to Plaintiff's Complaint is due within seven (7) days from the date of this Order.

DATED this 12th day of July 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge